**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  8:07CR106** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **RAFAEL JIMINEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 60, filed by the Defendant, Rafael Jiminez.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Jiminez pled guilty to Count II of the Indictment, charging him with possession with intent to distribute methamphetamine.  He was sentenced to a term of 57 months incarceration–the lowest end of the advisory guideline range, after he received the benefit of a "safety valve" reduction under § 2D1.1(b)(17) of the United States Sentencing Guidelines .  A term of two years supervised release was ordered to follow the term of incarceration.  The Judgment was filed on August 10, 2015, and Jiminez did not appeal. His plea agreement, ECF No. 49, included a waiver of appeal and of § 2255 relief, with an

exception for claims based on ineffective assistance of counsel. See ECF No. 49, Page ID 74-75. Jiminez filed his § 2255 Motion on March 9, 2017.

## DISCUSSION

A § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Jiminez acknowledges that his § 2255 Motion is untimely. His only explanation for the untimely nature of the § 2255 Motion is his assertion that he believes he should have received a sentence of 54 months rather than 57 months, and he thought his lawyer would file a motion to reduce his sentence to 54 months. See ECF No. 60 at Page ID 124. Jiminez's explanation for the untimeliness of his Motion does not meet any of the exceptions for the one-year limitations period contained in 28 U.S.C. § 2255(f), and his Motion will be denied as untimely.

IT IS ORDERED:

1. The Court has completed the initial review of Rafael Jiminez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 60;

2. Upon initial review, the Court summarily dismisses Jiminez's claims;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge